May it please the Court, Sanford Passman on behalf of the appellant Milton Robinson. Why don't you give your co-counsel, not co-counsel, but your opposing counsel a little bit of time to get settled. Just one second. Yeah, we're fine now. Thank you. I will try to be as succinct and as brief as possible. I know that the briefs have been submitted, and I assume that they've been read, reviewed. I'm happy to answer any questions of this Court. I'd like to reserve, if necessary, a couple of minutes of my time for my reply. Let me address what I think are some novel issues in this matter. The first one is that the Court today can rule, should it choose to, that there are in fact one or more tribal issues of fact, which is what we argued in our appeal briefs and what we argued at the trial court level. Unfortunately, the district court did not see any tribal issues of fact, which I submit is a mystery to me. There are substantive issues in this matter. There are procedural issues in this matter. The de novo ruling that this Court will come down with hopefully will address the respective issues. There is one issue in this case which may be novel, and that is the issue regarding POBRA, which is the shorthand version of the Public Safety Officers Bill of Rights Act. It is an act that was promulgated and implemented in order to provide certain procedural safeguards to members of that class. Using the vernacular, peace officers, police officers, sworn officers, and the like. I will submit that every violation of POBRA does not give rise to a constitutional issue. I would also submit and argue that in this particular set of facts, the violations of POBRA do in fact give rise to constitutional issues. Aside from the statute of limitations, what are the POBRA violations? Thank you, Your Honor. Statute of limitations was going to be my first point. The POBRA prevents an agency or a state or governmental entity from imposing punitive damage in violation of punitive remedies, I should suggest, in the context of demotions, transfers, and what have you. And that is the Sticeberg case which the trial court articulated. But the statute of limitation gives rise to all of the other issues, including the deprivation of property, defined as, of Mr. Robinson. The appellant was taken, in the literal sense of the word, from his position as an armed officer. That's a special enforcement's operation. And he was transferred to a non-armed position. That is that his pistol, his firearm, was taken away from him. This was done prior to an initiation of a complaint to the Internal Affairs Department of the County of Los Angeles Probation Department. So that property right in his position, if you will, was taken away from him. What's your best case that says that that's a property right? The best case in terms of? I mean, the right to, we know that transfers, per se, aren't protected. You aren't protected in particular jobs. That's correct. We referred the court in our brief to, if I may, we referred the court to Jackson v. City of Los Angeles and McMillan v. Civil Service, which maintains that a non-probationary peace officer, which is Mr. Robinson, having been on the job, to use the vernacular, for some 26 years, possessed a vested and fundamental property interest in and to his continued employment. That's protected by the Due Process Clause. Discontinued employment, but Judge Thomas asked about carrying the gun. I'm pardoned, Your Honor. I didn't hear the last part of that. I said the question was with respect to the gun. Well, the gun is only one issue. The real issue is that at the time Mr. Robinson was temporarily assigned as the department that nominated that move, he was moved to the AB 109 unit. There is no articulation in the briefs by the defendant, the appellee, that a move to the AB 109 unit, which has a separate and distinct job description, if you will, dealing with paroled nonviolent offenders from the state prison system, that, we submit, is not a transfer to the same unit, but a transfer to a disparate unit. And the taking away of the firearm, the taking away of the additional responsibilities bonus, the removal of Mr. Robinson to be able to facilitate and use in the course of his conduct in terms of performance of his duties, a county-issued automobile requiring him to use his own vehicle and travel 500 miles a week, Your Honor, is all in violation of the property right he has. When one looks at the various documents that were sent to Mr. Robinson commencing in June of 2014 with a notice of intent to suspend, and then reads that document and the subsequent documents, the body of the documents, one is somewhat bewildered about what the intent is and what actually is going to happen as a result of the issuance of these documents. I hope I've answered Your Honor's question, though. You don't have a gun case. You don't have a gun case. You don't have a case that says that shifting a police officer from an armed to an unarmed position constitutes a deprivation of property right. We do not have a gun case. So your case on property right then falls to the bonuses? The case on the property right has to do with the gun issue is an issue in the transfer. He has a right to remain in the unit. He has a right to have the same pay schedule, including the ARB, additional responsibilities bonus. And he has a right to maintain all of the privileges that were given to him in the performance of his duties. The transfer from there in violation of his due process essentially removes him from that which he had before. And again, I go back to the statute of limitations issue. All of this reposes on the violation of the statute of limitations. All of the conduct subsequent to the violation is in deprivation of his Fourth and Fourteenth Amendment rights, I would submit. And the Sticeberg case, Your Honor, upon which the lower court based its opinion, frankly, we could find no cases with respect that really revolved around Sticeberg. I would submit with absolute vigor that Sticeberg is an opposite to the facts of this case. Sticeberg was a lateral move by an officer, an executive officer, a captain, or something similar to that, with no reduction in pay, no reduction in grade, no reduction in privileges, just a move from one office to another, which is completely disparate from the facts of this case. In fact, not only is it disparate, but in this very case, the basis for this punishment reposed on a number of allegations, one of which was absolutely false, and that is the domestic violence allegation that reposed in Mr. Robinson's personnel file for some 26 years. And until that issue was addressed to the probation department, they continued to use that as one of the bases, if not the principal basis, for his removal from the unit, because that's a crime of moral turpitude, and the county through its chief... Then they dropped that when it was called to their attention. That's what I was just stating, Your Honor. They dropped it after it was called to their attention, but that particular reference in the notice to suspend, we, I've argued, was in furtherance of a probation department mandate by the chief probation officer to eliminate from the ranks of probation officers those people who may have suffered in the past a crime of moral turpitude, a crime of dishonesty, et cetera. Penal Code Section 273.5, domestic violence would be, is a crime of moral turpitude. Can I ask you a question about the bonus pay? Yes. Is that discretionary? All armed probation officers in the SCO unit were given, if they were armed, I said that twice, if they were given a gun, they were given the additional responsibilities bonus because it is a select, i.e. illegal... No, no, that's not what I asked. Is it discretionary, or is there a regulation or a statute that says they have a right to the bonus? It is discretionary in the context of if you are an armed SCO officer, you get it. If you're not, you do not get it. They can remove the bonus. If they transferred him to a completely disparate unit or to one of the camps, something of that nature, so far removed from his job function, has to be completely dissimilar, they could remove the bonus. I know, but the question I asked is not the practice. Is there a statute that says that deprives the decision-maker of the discretion to give a bonus? There is not a statute that I have seen that denies the prime policymaker from removing the bonus, but, Your Honor, parenthetically, it is only the prime policymaker, i.e. the chief probation officer, Los Angeles County Probation Office, that can remove that firearm, which the appellees say did not. I'm not talking about the firearm. Let me tell you what my understanding is on the property right, and I could be wrong. The fact that state law provides certain procedural protections does not create, as I understand the law, a property right that entitles someone to due process before it's taken away. It's got to be, in order for it to be a property right, it would have to say that he's entitled to the bonus unless he did X, Y, and Z. That was wrong, and then he would be entitled to a hearing on that. My response, if I understood Your Honor's question, is he is entitled to remain in the position that he was put in, in this particular case, to the ARB, the Additional Responsibilities Bonus, while he was armed, and he was entitled to remain in that unit until the appropriate procedures were implemented to remove him, and those procedures have a trigger point, and that trigger point is the statute of limitations. So, in short, to get to the issue of whether there is a property right, the district court, in my opinion, respectfully, should have first considered whether there is a triable issue of fact in the implementing of the punishment in the first instance, and that was very well briefed in the oppositions to the motions for summary judgment, and the answer to that question is, when a person authorized to initiate an investigation is informed of an alleged grievance or some sort of violation of policies and procedures, that that individual can initiate an investigation, which was done in this case, and that has to be done within the first year. In fact, Mr. Robinson was not removed until some 15 months later, after a second bite at the apple, if you will, was initiated sometime in April of 2014, a year and a half had transpired. The district court did not address whether or not the abrogation of the statute of limitations was a triable issue of fact. I submit that it is a triable issue of fact. If I may move laterally for one moment, Your Honor, before my time expires, there was also the issue of why the court did not address the objections to the evidence. Before you get to that, the one-year statute is set forth in the POBRA, right? It is, in fact. And what case do you have that suggests that the state procedures in a procedural bill becomes part, assuming there were property rights, what do you understand the law to be as, with respect to the incorporation of the state procedures into the constitutional question? I want to make sure that I understand Your Honor's question. There is a case, which we cited, the Pedro case, which was a state case that says essentially what I said was that if a state official in the probation department, I shouldn't say a state official, if a person authorized to initiate an investigation, in this case a gentleman named Stephen Howell, was fully briefed in the opposition to summary judgment, when he was addressed by an officer of the LAPD, he conducted an investigation, and some 15 or 16 months later, that police officer approached another supervisor of the department, and they initiated the second one. On the very same facts, the statute of limitations is, with respect to POBRA, if I'm answering the court's question, is there to make sure... No, no, I understand what, as a matter of state law, what that is. To what extent is that incorporated into the question of the property rights that you are afforded? Does that include the procedural aspects of COBRA? The property right, and I want to make sure I can fully embrace the court's query to me, our position is that he has a property right, based on the cases I cited, and that in order to deprive him of the property right, using due process under the 14th Amendment, the state, the county in this instance, has to comply with the promulgated act of POBRA, which states you have one year to initiate the investigation. If you don't, you have violated, in this case, Mr. Robinson's due process right to a fair hearing, and you have denied him the property attendant to his position after the statute of limitations had run and before the complaint was filed with the internal investigations at the unit, if I'm answering the court's question. It is a property right in the position... Well, not really, but thank you. I asked you what case you had, but I understand your argument. And I don't want to, because I just reserved some time for a reply, I don't want to diminish... You're actually over time. I'm sorry? You are over time, actually. I am, in fact. You're right. We'll give you a couple minutes. I'm sorry? We'll give you a couple minutes for rebuttal, though. All right. Then I'll refrain from my final argument until Mr. Coleman has an opportunity. Thank you. Good morning. May it please the Court, my name is Michael Foreman. I represent the defendants and the police in this case, County of Los Angeles, Perez, Pednichio, Newby, and Bingham. So I want to briefly discuss the underlying conduct in this case, and then I'll get to a couple issues that were addressed in the prior argument. I want to remind the Court that the events that took place in this case underlying occurred in mid-2013. And if you recall, what was happening in mid-2013, there was a lot of attention nationally to issues of officer violence, officer-involved shootings. So in that context, what we have here is we have an officer who's behaving erratically. He didn't show up to work for 60% of the time. Okay? So essentially he was there two days a week, if you look at it on a weekly scale. He's not showing up to work. Ten days after the probation department finds out this guy's not showing up to work, he's pulled over, speeding in a county vehicle, and we find out that he is going around with his firearm but no identification for three months. Okay? Ten days after that, he's issued a new firearm and immediately starts drawing it and waving it around improperly in a parking lot. So I submit to the Court that in this case it was necessary and appropriate for the probation department to disarm this officer. And, you know, I ask, well, what would have happened if he wasn't disarmed and there was an incident? How would that be explained to the community? How would it be explained to the victims? And I just want to also mention that if plaintiff's theory is correct and the probation department or any law enforcement entity is not able to disarm an officer who's behaving erratically, then there could be some real-world consequences there in regard to, you know, officer misconduct. And it would certainly be difficult to explain why someone like this wasn't disarmed. So let me just address some of the things that came up in the prior argument real quick. Some of the judges asked, are there any cases that say that there's a property right in a job position that's changed, even if it's changed in violation of POBAR? The answer is no. I think the Stiesberg case is directly on point. It's a POBAR case, 1983, and it contemplates the issue here where you have a bonus removal because on page 357 in Stiesberg it contemplates punitive action in violation of POBAR citing the McManigle case. So if you read the McManigle case, you'd see that that's the case, the main POBAR case, that discusses punitive action related to removal of hazard pay. Okay, so when we're talking about a bonus here, it's really hazard pay that you would give to an officer who's doing a job that's a little more hazardous. Is it mandatory? It's not mandatory. So would you walk us through exactly how the bonus is, a decision to award the bonus is made? Yes. Under the civil service rules, civil service employees can be awarded a bonus in certain situations. When we're talking about peace officers, that's going to be hazard pay. The civil service rules make it clear that the bonus is not part of the salary, meaning that it can be taken away or given at the county's discretion. And who makes the decision? Whether the bonus is removed? No, paid. Whether it's paid? Well, I think Is it automatically paid unless removed, or is there a decision annually made as to whether to award it? The awarding of a bonus, I think, is something that's collectively bargained for. If you looked at the collective bargaining agreement for the plaintiff's union, it also states that the bonus is not part of the salary. And I'll also mention that when the plaintiff got into that position, that awarded him a bonus, he signed a document stating that he's aware that the bonus can be removed at any time. So I guess I'm not quite clear on what your answer is. Are these officers entitled to a bonus under the collective bargaining agreement unless removed? Is it a matter of practice, or is there some regulation that grants them automatically? The reason the question is important is that if you're talking about removing a vested interest, that can be a property right. If it's a non-vested interest, there's a difference. And I'm not quite sure I understand how these bonuses arise. It's not entitlement. It's something that can be removed. And I think I can answer your question like this. My question is, what's the entitlement or non-entitlement in the first instance? How does that arise? How the bonus, the idea of the bonus. It's not the idea of the bonus. But what requires it? Does it require it or not require it? No one is required to receive a bonus. Even by the contract? Even by the contract. The contract states that it can be removed. Right. You're not answering my question. I know it can be removed. Okay. But is it automatically given unless removed? A bonus is only given to certain positions. Under what authority? And if you don't know, that's fine. I don't think I know, Your Honor. I apologize. But look, it's not entitlement. Well, it's kind of important in terms of analyzing property interests. Okay. So let me say this. The property interest, as I understand it, is determined by reference to state law. In this case, the applicable state law, which would determine what are the entitlements of civil service employment, are the county civil service rules. So in this case, the civil service rules state that the bonus is not part of salary. So the civil service rules are saying that it's not a property right. If it were part of salary and it were taken away, that would constitute a demotion. And that would get you into a property right because. Okay. I understand, Your Honor. Okay. Go ahead. All right. I also want to mention plaintiff is talking about the statute of limitations and POBAR. I want to draw the court's attention to the fact that POBAR is not mentioned in the complaint. It's not mentioned in the discovery responses as a basis for 1983 liability. It was just something that is really was just raised in opposition to summary judgment. I submit it's not even part of this case. But if you want to talk about the statute of limitations, I can address it real briefly. Do you think that the requirements of POBAR are coextensive with the due process requirements, the constitutional due process requirements, or are they different? They're different. I mean, POBAR sets forth procedural protections for peace officers, and they're not the same as the procedural protections that are offered to non-peace officers. I'm talking about the due process clause, federal due process clause. So tell me how the requirements would be different under POBAR and the requirements of the due process clause. Well, I think that in practice the way the due process is given is the same. But under POBAR, a peace officer is entitled to due process for a larger variety of things. So if you're just a regular county employee, you're only entitled to due process in the case of a demotion or a termination or something like that. But the peace officers get a due process for a wider variety of occurrences. I guess what you're saying is that there are procedural protections in POBAR that you don't think are required by the due process clause. Correct. And tell me how that affects this case. Well, I'm sorry. Can you restate the question? No, I mean, their argument is, I think as I understand their argument, is that the procedural due process requirements of POBAR are the same as the due process clause. You differ with that. You say there are greater procedural protections under state law than would be required under the federal due process clause. We're talking about the federal due process clause here, so tell me. Right. So speaking about what entitles a civil service employee to due process, that's the difference is that POBAR entitles the employee to due process in more scenarios than it does typically. Right. So I'm asking you to relate that to this case. Okay. So in this case, plaintiff, since his case was affected by POBAR, he was given actually extra procedural due process protections than he would have been given if, let's say, he worked at some other department at the county. He received, for example, a letter that telling him that his bonus was being removed and he was being reassigned to an unarmed position, and he was given due process related to that change. If he was not a peace officer and he worked at the Department of Public Works and he was getting a bonus over there, he would not have gotten due process regarding the job change or bonus removal. So tell me, in this context, what do you think the federal due process clause required for getting POBRA? For getting POBRA? I think federal – well, as a civil service employee, he's entitled to due process. Well, he was suspended from work for 10 days. So I think for the suspension, under federal law, he was entitled to due process regarding the suspension. So he's entitled to an appeal before a neutral third party, and I think he got that. Okay. I think that's all. And how do you think the statute of limitations in POBRA affects the due process rights under the Fifth Amendment? Fifth and 14th. Right. Assuming that POBRA is part of the case, it has no effect on federal law. First of all, what he's saying about the statute of limitations isn't even correct. Under POBRA, you need to alert the officer of the contemplated discipline within one year. You don't need to discipline him within one year. You just need to let him know how he's going to be disciplined. So we did that here. So the statute of limitations weren't violated. But the question is, how does the statute of limitations tie into federal law? There is no connection. Are you familiar with Cleveland v. Loudermill? I mean, I remember the name. I don't remember exactly what it says. It's a little difficult for me to understand. I wonder whether anybody had a better answer. They make it very clear that when they're talking about the federal due process clause, that what you have to give is notice prior to termination and an opportunity to respond. And then they say our holding rests in part on the provisions in Ohio law for a full post-termination hearing. Now, I don't understand what that means, that all you have to do is give a pre-termination notice. But the holding rests on the fact that there's a post-termination provision under state law. I don't remember the facts of the case, Your Honor. I know that in some cases, for example, if a police officer is involved in some sort of serious crime or something, he can be dismissed immediately and get a post-termination hearing. So I'm not exactly sure what that case is about. Well, the police officer's Bill of Rights in California was, I won't characterize it, but as someone who represented the police union at that point, it was not one of the wiser judgments. But that's not the problem. The problem is what role does it play once those rights are afforded? To what extent, if any, do they come into play during an argument regarding federal due process? Do they have any relevance to federal due process? I think the only relevance is in both cases you're entitled to due process. Well, no. That's not true. I mean, that's not an answer. What is due process? Does due process include the provisions of the police officer's Bill of Rights, for instance? The provisions in the police officer's Bill of Rights afford due process. They provide for due process. I don't think they are due process. Okay. All right. I'm sorry. I'm not answering your question, huh? Well, you've got about a minute and a half left. Let me see if I can sum up regarding POBAR and due process here for you. You say the statute was complied with in this case because he was given notice within the one-year statute? Yes, sir. And all the statute requires is notice to the individual? Correct. Okay. Notice within one year, that's the statute of limitations. I think that Stiesberg, you know, makes it clear, like I said on page 357, that it encompasses this type of situation where an employee is involved in a punitive transfer. That's what McManagel is about, and it even says punitive transfer in Stiesberg. A punitive transfer is when the employee, a peace officer, loses part of his pay, hazard pay, which is what happened to McManagel. And so I think that Stiesberg encompasses the situation in this case by reference to McManagel as a punitive action. And I guess that's all. Thank you for your time. Can I ask a quick question? Was he paid during the period that he was suspended? Well, he was not paid during the suspension. It was a suspension without pay for 10 days. Thank you. Thank you, counsel. We'll give you two minutes for rebuttal. Thank you very much. Let me first address the issue of the absence or presence of POBR in the complaint. Federal court is a notice plea in jurisdiction. Parties are not prevented from amplifying their theories of the case, which was done in this particular instance through the process of discovery. But counsel raised a very important issue. If there was no reason to have a statute of limitations in the POBR Act, there wouldn't be a statute of limitations. It is to protect peace officers from a whole host of things that could theoretically happen. But counsel says that all that was required was notice to the client within the one-year period. Well, that, I was just going to address that. You must have been reading my mind, Your Honor. The question of whether or not the notice of intent to suspend issued in June of 2014 was within the one-year statute is absolutely a tribal issue of material fact. We had argued that the actual trigger point was in February, January, February of 2013. The ultimate initiation of the notice of suspend in June of 2014 is actually a year and a half after the first contact made by an individual who can initiate such an investigation, which was done by Supervisor Stephen Howell, direct supervisor of Mr. Robinson. So the statute of limitations for notice, I use the vernacular, was blown one year from the initial contact by LAPD with Supervisor Howell, which was January of 2013, best-case scenario, February of 2013 to February 2014. That issue of whether the statute was abrogated or violated or had passed, I again say it's redundant, a material issue of tribal fact. That's as just of the issue. The original notice was for something entirely different, correct? Well. So are you saying that if you initiate a notice for one reason and another reason comes up that the statute is run as to the second independent reason? No, I'm not saying that, Your Honor, but I am saying this, that the reason that was given for the suspension in 2014, this is after he had already been temporarily assigned, which was the nomenclature on the notice, temporarily assigned. Temporarily assigned is not the equivalent of a notice of intent to suspend. They must give a notice of intent to suspend within the one year. The facts that gave rise to the ultimate dispensation of the notice of intent to suspend is the exact same factual footing that was brought to the attention of Howell in January, February of 2013. There wasn't a disparate argument. The same argument he made was that Mr. Robinson was allegedly not appearing at the police station to perform his duties is the same argument presented to the county in April of 2014. And it is upon that basis and other bases, including, as I said a moment ago, the issue of this domestic violence, which turned out not to be Mr. Robinson. Simply put, the violation of the statute is a due process right. It would not be there were it not. With that said, last comment is we believe that the court should have ruled on the evidentiary objections because it posited the granting of the summary judge motion on some of the very evidence that we objected to. And we did not have a hearing. The court took the summary judge motion under suspension. For all the reasons stated, I would ask that the court remand, reverse the summary judgment granting or remand the trial court for a judgment for a trial on the merits. Thank you very much. Thank you for your arguments. The case just arguably submitted for decision and will be in recess for the morning. Thank you.
judges: Reinhardt, Thomas, Korman